409 P.2d 490

**Cornelius IEST and Tina Iest, husband and wife, Plaintiffs-Respondents,**

**v.**

**Lester C. GARTIN, Defendant-Appellant.**

**No. 9542.**

Supreme Court of Idaho.

Dec. 31, 1965.

Dunlap, Rettig & Rosenberry, Caldwell, for appellant.

Gigray, Boyd & Downen, Caldwell, for respondents.

McQUADE, Chief Justice.

In 1959 Lester C. Gartin, defendant-appellant herein, entered into an oral agreement to rent from Lewis E. Griffiths, on a year-to-year basis, certain farmlands referred to as the "Griffiths farm." They agreed to share most of the farm expenses and to divide the profits. The annual lease was to terminate on December 31 of each year.

In 1961 Gartin purchased a mobile trailer home and placed it approximately 50 yards from the main farmhouse. Gartin and his wife moved out of the main house and into the trailer and thereafter, except for very

hot summer days, lived therein. In May 1963 Griffiths sold the farm to the Iests, plaintiffs-respondents herein.

During the fall of 1963 the only farm operation performed by Gartin was the harvesting. During the fall of 1963 Gartin did no preparation of the land for the crop year of 1964. William Iest, son of the respondents, and an employee, Frank Smart, plowed and fertilized approximately 80 acres of the farm during the fall of 1963. Gartin was aware of these activities and made no objection. In addition, Gartin advised respondents' employee as to how some of the fields should be irrigated.

In early October 1963 Gartin advertised in the local newspaper that "as we are leaving the farm we will sell all the dairy cattle and machinery at the farm." At the sale all of Gartin's cattle, some of his household furniture, and most of his farm equipment were sold. Gartin moved most of his remaining possessions to Missouri in December 1963.

Iest and his son testified that Gartin, prior to his trip to Missouri, asked permission to leave the trailer house on the premises "until he got settled with Mr. Griffiths." The Iests granted this request. Gartin did not deny that this conversation took place.

Gartin's reference to settling with Griffiths involved a dispute between the two concerning payment of certain expenses for the farming operations from 1959 to 1963.

Because the two could not resolve their differences, the matter was submitted to arbitration. It was not settled until March 1964. There was evidence that Gartin stated he intended to move to Missouri as soon as the dispute with Griffiths was settled.

In the late summer or early fall of 1963, Gartin applied to the Farmers Home Administration for a loan for the purpose of buying a farm in Missouri. The F.H.A. advised against the loan, although the record does not reveal when this occurred.

When Gartin and his wife returned from Missouri early in 1964, they continued to live in their trailer house located on the Griffiths farm.

During March 1964 William Iest began preparing the farmland for planting and seeding. Shortly thereafter he seeded and planted the farm for the forthcoming crop season. At about this time Gartin informed William Iest that he intended to plant grain on the Griffiths farm with machinery he borrowed and asked William Iest to "hold off on the farming until we could find out who was supposed to be farming." William Iest testified that this was the first knowledge he had that Gartin planned to work the farm in 1964.

On April 3, 1964, the plaintiffs instituted this action, alleging that:

"  *  *  *  defendant wrongfully and unlawfully entered into and upon the

plaintiffs' premises with intent to take and keep possession of plaintiffs' lands; * * * that the said defendant claims the right to continue farming contrary to the right of the plaintiffs herein."

"That the defendant threatens and intends to continue said unlawful acts and to further trespass upon the property of the plaintiffs * * *."

The plaintiffs asked that the defendant be enjoined and restrained from entering and trespassing upon their property and from interfering with their possession of the property.

The defendant's answer denied the allegations in the plaintiffs' complaint and alleged as an affirmative defense that he:

"* * * has been continuously in possession of the said real property since January, 1959, as a tenant, and that he was in possession by virtue of a year to year lease running from January 1st to December 31st, and that the said lands are agricultural lands and that the defendant has held over and retained possession of the said land for more than sixty days after the expiration of his term, without any demand of possession or notice to quit by the plaintiffs, as required by law, under the provisions of Title 6, Chapter 3 of the Idaho Code for 1947."

The district court, sitting without a jury, found:

"That it is disclosed by evidence that is clear and convincing that the defendant intended to abandon and did actually abandon the premises and did not hold over on said premises * * * pursuant to the provisions of Section 6–303, Idaho Code."

The court enjoined the defendant from interfering with the plaintiffs' possession of the farm property and farmlands but found no unlawful possession of that part of the property on which the defendant's trailer house was situated, the routes of ingress and egress thereto, or those parts of the property where his machinery and other personal property were stored.

■ Appellant argues that no notice was given to him to relinquish possession of the farmlands as provided by I.C. § 6–303.[1] However, before that statute becomes op-

---

1. "6–303. Unlawful detainer defined.— * * * "2. * * * In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of his term without any demand of possession or notice to quit by the landlord, or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of the landlord, or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during

erative, the tenant must have "held over and retained possession" of the premises. The trial court found that Gartin did not hold over or retain possession of the farmlands. This finding was evidenced by his conduct and various conversations wherein he stated that he intended to leave the premises and return to Missouri. Gartin thereby surrendered his leasehold interest by creating an understanding between the parties that the lease would be terminated. By such conduct he waived his right to notice from Iest to surrender possession and the respondents had the right to rely thereon and to enter the premises in 1963 to commence farming operations in preparation for the 1964 crop year. There was substantial, competent evidence in the record to support these conclusions

The appellant relies upon the case of Elliott v. Gentry, 40 N.M. 358, 60 P.2d 203 (1936), in support of his contention that he did not surrender possession of the premises to the respondents. In that case, aside from other factual differences, that court found there was insufficient evidence to support a finding of surrender. It appears the only evidence on that issue was ambiguous statements of the tenant that *if*

said year, and such holding over for the period aforesaid shall be taken and construed as a consent on the part of a tenant to hold for another year."

2. "8-402. Grounds for injunction.—An injunction may be granted in the following cases:

he could find another place, he would move. In the case before us, in addition to Gartin's statements of his intention to leave the Griffiths farm and move to Missouri, there were overt acts by him which unequivocally indicated his intention to relinquish possession of the farmlands, and the trial court so found. With this conclusion we agree.

■ The appellant asserts error in that the trial court failed to grant his motion for involuntary dismissal, pursuant to Rule 41(b), I.R.C.P., at the end of the plaintiffs' presentation of evidence "on the grounds that the plaintiff failed to prove either actual or constructive possession of the real property in the plaintiff, and failed to prove that the defendant made an actual unlawful entry upon the real property of the plaintiff." The plaintiffs proved ownership and right of possession of the property in question. Appellant claimed the right to continue farming thereon, which was contrary to the rights of the plaintiffs. I.C. § 8-402.[2] Upon these facts the plaintiffs had shown a right to relief and the appellant's motion was properly denied.

The appellant's other assignments of error relate to the correctness of the trial

"1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually."

court's findings and conclusions and have been adequately discussed above.

The judgment is affirmed.

Costs to respondents.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.